JACKSON, *ex dem.* SINCLAIR and another, *against*
BAILEY.

Couch
v.
Ash.

EJECTMENT for land in the town of Moriah, Essex coun- *Amendment*
ty, brought to trial at the last circuit in that county ; when *as to the place laid in a de-*
the plaintiff was nonsuited, on the ground, that the decla- *claration in*
ration described the land as lying in the town of Crown *ejectment, granted, after*
Point in that county. *the plaintiff had been non-*
Now, on an affidavit, that this was a mistake of the attor- *suited at the*
ney, which was not discovered till after the jury were sworn. *trial for variance.*

*S. Stevens,* for the plaintiff, moved to set aside the non-
suit : and to amend the declaration.

*D. Russell,* contra, said it was too late to amend, after
the plaintiff had been nonsuited for the variance ; but

*The Court* granted the motion on payment of costs.

Rule accordingly.

---

COUCH *against* ASH.

ASSUMPSIT. The defendant pleaded his discharge un- *Under the*
der the act to abolish imprisonment for debt in certain ca- *act to abolish*
ses, (sess. 42, ch. 101.) Replication, that after the dis- *imprisonment for debt in*
charge, the defendant undertook and promised the plaintiff *certain cases,*
to pay the sum mentioned in the declaration. Rejoinder *(sess. 42, ch. 101,) a new*
and issue upon that fact. *promise to pay*
The cause was tried upon this issue at the last Ulster *the debt, made after the dis-*
circuit, before BETTS, C. Judge ; and a verdict found for *charge, will not restore the*
the plaintiff. And now, *right to im-*
*prison the de-*
*fendant.*

*J. Sudam,* for the defendant, moved, that notwithstanding
the verdict, judgment should be against the defendant *de bo-*
*nis* only ; and cited *Wilson et al.* v. *Kemp,* (3 M. & S. 595.)

ALBANY,
Feb. 1826.

In the matter
of
De Peyster.

*C. H. Ruggles,* contra, cited 3 Chit. Pl. 474-5, and the statute 54 Geo. 3, ch. 28.

*Curia.* Let the judgment be for the plaintiff, with a special entry on the record, exempting his person from impr. sonment.

Rule accordingly.

---

## In the matter of De Peyster, an absent debtor.

After the second dividend under the absconding debtor act, (1 R. L. 157,) no creditor can be received to prove his debt.

To entitle a creditor to a dividend, he must have been such at the time of the first publication of the proceedings under the act, pursuant to the second section.

On petition by the trustees of De Peyster, an absent or absconding debtor, under the act " for relief against absconding and absent debtors," (1 R. L. 157,) for instruction ; and on the application of certain creditors of De Peyster residing in London ; the following case was presented to the court :

The trustees had made two dividends ; and recently advertised a third and final dividend. The London creditors did not hear of the proceedings in this matter, till after the second dividend ; but they afterwards came in and claimed their full dividend before the final distribution should be made. The trustees also anticipated that claims to the final dividend would be interposed by persons who had become creditors since the issuing of the attachment.

*G. Brinckerhoff,* for the London creditors, cited 1 R. L. 164, sect. 27 ; 1 John. Rep. 165, 173, 174, and the cases there cited.

*H. S. Jones,* for the trustees, cited 1 R. L. 162, sect. 19.

*Curia.* The 19th section declares, that if any creditor neglects to give notice of, or deliver an account of his demand to the trustees until after distribution, pursuant to the 17th section, he shall not be entitled to any dividend ; but if he shall comply before the second distribution, he shall have the sum he would have been entitled to on the first distribution, before any second dividend be made.

The trustees are required by the 17th section to give notice to all the creditors to come in and prove their debts,